The general rule is that a municipal corporation *Page 479 
possesses no power to become a purchaser at an authorized sale of land by it for the nonpayment of taxes, and such sale to the municipality would be void without express power conferred by statute or charter. 3 McQuillin, Municipal Corporations (2d ed. 1928) § 1209.
It cannot, however, be said that there is anything inherently wrong when it is done in good faith; it is simply against public policy.
The Legislature, however, speaking for the State, may enact legislation to regulate the conduct of municipalities, or to correct errors made by them in the conduct of their business. As long as the Legislature could have given the town the power to purchase in the first place, the Court feels that it can confirm that right by suitable legislation after the purchase.
In deciding this question, the Court appreciates its importance to conveyancers and title searchers. It is hoped that the parties will deem it advisable to seek the opinion of our Supreme Court. This Court does not feel, however, that it should treat lightly a legislative enactment intended to validate a doubtful municipal act. It seems to the Court that the supreme law making body of our State possesses such power.
 The demurrer is overruled.